**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 21-4321**

—————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

CLAY WESTBROOK,

        Defendant - Appellant.

—————————

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Thomas S. Kleeh, Chief District Judge.  (1:20-cr-00013-TSK-MJA-1)

—————————

Submitted:  September 23, 2022                    Decided:  October 7, 2022

—————————

Before MOTZ and DIAZ, Circuit Judges, and TRAXLER, Senior Circuit Judge.

—————————

Dismissed by unpublished per curiam opinion.

—————————

**ON BRIEF**:  Hilary L. Godwin, Assistant Federal Public Defender, Jenny R. Thoma, Research & Writing Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Clarksburg, West Virginia, for Appellant.  William Ihlenfeld, United States Attorney, Zelda E. Wesley, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Clay Westbrook pled guilty, pursuant to a written plea agreement, to possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). The district court sentenced Westbrook as a career offender, imposing a 151-month sentence. Westbrook's counsel initially filed an *Anders* [*] brief, but prior to conducting our *Anders* review, we granted the parties' request for supplemental briefing in light of our recent decision in *United States v. Campbell*, 22 F.4th 438 (4th Cir. 2022). Relying on *Campbell*, Westbrook argues that the district court plainly erred in sentencing him as a career offender. In response, the Government contends that this claim is barred by the waiver of appellate rights in his plea agreement. We agree, and thus dismiss this appeal.

We review de novo the issue of whether a defendant validly waived his right to appeal. *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018). Where, as here, the Government seeks to enforce the appeal waiver and has not breached the plea agreement, we will enforce the waiver if it is valid and the issue being appealed falls within the waiver's scope. *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012).

A defendant's waiver of appellate rights is valid if he entered it knowingly and intelligently. *Id.* In making this determination, we consider "the totality of the circumstances, including the experience and conduct of the defendant, his educational background, and his knowledge of the plea agreement and its terms." *McCoy*, 895 F.3d at 362 (internal quotation marks omitted). Generally, if the district court fully questions a

---

[*] *Anders v. California*, 386 U.S. 738 (1967).

defendant regarding the waiver provision during the plea "colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Id.* (internal quotation marks omitted).

Westbrook does not contend that his plea was not knowing and voluntary or that the magistrate judge did not adequately review the terms of the waiver during the Fed. R. Crim. P. 11 hearing. Nor does Westbrook assert that his argument that the district court plainly erred in sentencing him as a career offender is outside the scope of the waiver. Instead, he claims that his counsel was ineffective in the district court in failing to object to his career offender classification, and ineffective assistance claims are outside the scope of his waiver.

However, in his opening brief, Westbrook only mentioned ineffective assistance in a footnote. This is insufficient to raise an argument before this court. *See United States v. Arbaugh*, 951 F.3d 167, 174 n.2 (4th Cir. 2020) (recognizing "[w]e do not ordinarily entertain arguments made solely in a footnote because they lack the development required by Federal Rule of Appellate Procedure 28"). While Westbrook does fully argue ineffective assistance in his reply brief, we also do not consider arguments raised for the first time in a reply brief. *United States v. Caldwell*, 7 F.4th 191, 212 n.16 (4th Cir. 2021).

Even if we were to exercise our discretion to excuse Westbrook's waiver, we do not address ineffective assistance claims on direct appeal "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record." *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016). The record here does not conclusively demonstrate

ineffective assistance of counsel.  Thus, Westbrook's "claim should be raised, if at all, in a 28 U.S.C. § 2255 motion."  *Id.* at 508.

Accordingly, we dismiss this appeal.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*